IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENZO STEELE,

    Plaintiff,

v.

ALLEGHENY COUNTY,

    Defendant,

Civil Action: 2:21-cv-1076

**JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW comes Plaintiff, VINCENZO STEELE, by and through his attorney, John Newborg, Esquire and files this Complaint against ALLEGHENY COUNTY averring as follows:

### JURISDICTION AND VENUE

1. This action is brought and jurisdiction lies pursuant to the AMERICANS WITH DISABILITIES ACT, as amended ["ADA"] 42 U.S.C.A. § 12133.

2. Plaintiff has complied with all conditions precedent to jurisdiction by filing a Charge of Discrimination with the Equal Employment Opportunity Commission, by obtaining a Right to Sue letter and filing suit within 90 days of receipt of the Right to Sue letter. Attached hereto and Marked Exhibit "A" is a copy of the Right to Sue letter.

### PARTIES

3. Plaintiff, Vincenzo Steele, is an adult individual residing at 3460 Pinewood Drive, West Homestead, PA 15120.

4. Defendant, Allegheny County is local governmental agency with a principal office located at Fort Pitt Commons, 445 Fort Pitt Boulevard, Suite 300, Pittsburgh, PA 15219.

.

5. At all times material hereto, Allegheny County, was acting by and through its authorized agents and/or employees acting within the course and scope of their employment. acting within the course and scope of their employment.

## COUNT I – REGARDED AS DISABLED

6. In 2019 Plaintiff, Vincenzo Steel, applied for the position of Corrections Officer with the Allegheny County Jail.

7. Vincenco Steele, met all of the qualifications needed to become a Corrections Officer and on March 11, 2019, Vincenzo Steele, was admitted into the Correctional Training Academy.

8. Before being admitted into the Correctional Training Academy, Vincenzo Steele underwent and passed a physical examination required to become a Correctional Officer.

9. The physical examination included a complete review of Vincenzo Steele's medical records.

10. Vincenzo Steele has limitations with his right arm.

11. Officer Pifer was the Correctional Training Academy trainer for Vincenzo Steele and for Vincenzo Steele's classmates.

12. During the Correctional Training Academy, Vincenzo Steele was required go through a course called "defensive tactics", which included training on how to place handcuffs on an inmate.

13. At the conclusion of the "defensive tactics" course, Officer Pifer tested Vincenzo Steele, along with the other trainees on "defensive tactics".

14. The way the class worked, once a trainee failed any aspect of the training, the trainee was to be dismissed immediately from the class, and that trainee would not proceed to the next aspect of the training.

15. When Officer Pifer tested Vincenzo Steele on defensive tactics, including hand cuffing, Officer Pifer concluded that Vincenzo Steele passed the test, and gave Vincenzo Steele a "thumbs up" sign with respect to the hand cuffing test.

16. Once Vincenzo Steele had passed the defensive tactics tests, he then went on to complete the following week's training, which involved, among other things, getting sprayed with pepper spray.

17. After completing all of the training and passing all of the direct observation training tests, the Allegheny County Jail management then changed its mind with respect to the conclusion that Vincenzo Steele had passed all the training tests, and concluded that Vincenzo Steele had not passed all of the defensive tactics tests, and put him on leave from the training.

18. Mr. Steele was then sent for another physical for the sole purpose of having the doctor give an opinion whether Mr. Steele could perform defensive tactics.

19. The instructions to the physician performing the examination stated that passing the various maneuvers required "equal" dexterity in both hands, thus, with the equal dexterity requirement, it was a foregone conclusion that Mr. Steele would not pass defensive tactics. Attached hereto and marked Exhibit "B" is a copy of the letter to the doctor which letter is dated October 4, 2019.

20. The findings of the examining physician are stated on Exhibit "B".

21. By letter dated October 28, 2019 Allegheny County advised Mr. Steele that he would not be hired as a Corrections Officer. Attached hereto and marked Exhibit "C" is a copy of the letter to the doctor which letter is dated October 4, 2019.

22. Although Mr. Steele has limitations with his right arm, Mr. Steele is able to safely and effectively perform all physical maneuvers necessary to perform all essential duties of a Corrections' Officer.

23. Allegheny County wrongfully regards Mr. Steele's right arm limitations as disqualifying Mr. Steele from the Correction's Officer position, when, in fact, Mr. Steele is able to perform all the essential functions of the job.

24. Denying Vincenzo Steele employment as a Corrections' Officer based upon a perceived disability, when Vincenzo Steele was capable of performing all of the essential functions of the job, is a violation of the ADA.

**COUNT II – FAILURE TO PROVIDE A REASONABLE ACCOMODATION**

25. Paragraphs 1 through 24 above are hereby incorporated by reference.

26. After removing Mr. Steele from his Corrections' Officer job, on February 2, 2020 the County hired Mr. Steele to perform a clerk job with the Allegheny County Department of Court Records.

27. The Correction's Officer job paid $25.00 an hour, while the Clerk Position pays $15.00 an hour.

28. It is not a "reasonable accommodation" under the ADA where the accommodation results in substantially reduced pay.

29. When Mr. Steele was removed from his Corrections' Officer position to his clerk position, Mr. Steele was not the member of the clerk's union.

30. The clerk position was a union position.

31. While the ADA does not require an employer to violate the **seniority provisions** of a collective bargaining agreement, a collective bargaining agreement does not prevent an employer from providing equivalent pay to an employee who is moved to another position as an accommodation for a disability, even if the new job is a union job.

WHEREFORE, Complainant Vincenco Steele seeks:

(a) Reinstatement to the Corrections' Officer position with back pay;

(b) if not reinstated, then back pay and back benefits, and future pay and future benefits;

(c) attorney's fees and costs of litigation;

(d) compensatory damages


Respectfully submitted,

By:  s/ John Newborg_____
     JOHN NEWBORG, Esq.
     Pa. I.D. No. 22276
     225 Ross Street, 4th Floor
     Pittsburgh, PA 15219
     (412) 874-9442
     newborglaw@gmail.com